IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION


FRAGEPANI BELL                                                                              PETITIONER

V.                                                                                          NO. 2:03CV354-M

MICHAEL A. WILSON, et al.                                                                   RESPONDENTS


**OPINION**

This cause comes before the court on the petition of Fragepani Bell for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Previously, the court denied habeas relief and dismissed this petition. Bell appealed and the Fifth Circuit Court of Appeals remanded the case for further consideration. Specifically, the Fifth Circuit has directed this court to consider "the substance of Bell's habeas claims that the prosecution violated *Brady*, he received ineffective assistance of counsel at trial, and the trial judge was biased."

**Factual Background**

On December 1, 2002, Petitioner was convicted of sexual battery and attempted sexual battery in the Circuit Court of Bolivar County, Mississippi. Bell was sentenced to ten years in the custody of the Mississippi Department of Corrections. Bell timely appealed his conviction which the Mississippi Court of Appeals affirmed. *See Bell v. State*, 835 So.2d 953 (Miss. App. 2003). On August 28, 2003, Bell's state motion for post-conviction relief was denied.

On September 24, 2003, Bell filed this habeas petition. Finding that each of Bell's claims were procedurally barred, the court dismissed his petition on July 21, 2004. On October 7, 2004, the court denied Bell's request for a Certificate of Appealability ("COA"). The Fifth Circuit, however, granted COA as to whether or not the three aforementioned issues had been properly exhausted. On November 13, 2006, the Court of Appeals remanded the case for consideration of three issues:

Ground One          Whether the prosecution violated *Brady*;

| | | |
|---|---|---|
| Ground Two | | Whether Bell received ineffective assistance of counsel when, |
| | a) | counsel conspired with the state and the judge to withhold Brackin's testimony; |
| | b) | counsel was ineffective during jury selection; |
| | c) | counsel failed to investigate the factual circumstances surrounding the alleged crime and provide him with a basic defense; and |
| | d) | counsel's cumulative errors deprived him of a fair and reliable trial. |
| Ground Three | | Whether the trial judge was biased. |

## Standard of Review

Since the Fifth Circuit has determined that each issue was raised in the state courts, either on direct appeal or on motion for post-conviction relief, each is reviewed within the limited confines of the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d) and *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).

As a result, Petitioner must contend with the presumption of correctness afforded to those findings. 28 U.S.C. § 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Until recently, the test for unreasonableness under § 2254(d)(1) in the Fifth Circuit was whether "'reasonable jurists considering the question would be of one view that the state court ruling was incorrect.'" *Moore v. Johnson*, 101 F.3d 1069, 1075-76 (5th Cir. 1996) (citing *Drinkard v. Johnson*, 97 F.3d 751, 767-68 (5th Cir. 1996)). However, the Supreme Court of the United States expressly rejected the *Drinkard* reasonable jurist standard in *Williams v. Taylor*, 529 U.S. 362,120 S. Ct. 1495, 1522 (2000). Pursuant to *Williams v. Taylor*, the court may issue

the writ of *habeas corpus* only if the state court's ruling resulted in a decision that "(1) was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States, or (2) involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." *Williams*, 529 U.S. at 411-13, 120 S. Ct. at 1523 (internal quotation marks omitted). Furthermore,

> [u]nder the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.* It is not enough that the state court decision applied the law erroneously or incorrectly. The application of the principle must be unreasonable. *Id.* at 409-10. The district court must ask whether the state court's application of the principle was objectively reasonable, not whether all reasonable jurists would agree the state court made an incorrect decision. *Id.* at 408-10.

## Discussion

### Ground One

Bell argues that the prosecution violated *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L. Ed. 2d 215 (1963), by withholding the statement of Carolyn Brackin, an employee of the Department of Human Services. Respondents offer that Bell's argument must fail because the statement to which he refers was not withheld.

The prosecution violates *Brady* by suppressing "evidence favorable to an accused . . . where the evidence is material either to guilt or to punishment, irrespective of good faith or bad faith." *Brady*, 373 U.S. at 97; *Dickson v. Quaterman*, 462 F.3d 470, 477 (5th Cir. 2006). "When the reliability of a given witness may well be determinative of guilt or innocence, non disclosure of evidence affecting credibility falls within this general rule." *Dickson*, 462 F.3d at 477. To

3

prevail on a *Brady* claim, "the evidence at issue must be favorable to the accused, either because it is exclupatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Id.* (quoting *Strickler v. Greene*, 527 U.S. 263, 281-82, 119 S.Ct. 1936, 144 L. Ed. 2d 286 (1999)). Evidence is material where there exists a "reasonable probability" that had it been disclosed the result of the trial would have been different. *Id.* (quoting *Banks v. Dretke*, 540 U.S. 668, 699, 124 S.Ct. 1256, 157 L. Ed. 2d 1166 (2004)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L. Ed. 2d 481 (1985).

To support his *Brady* argument, Bell refers to a statement made by Brackin at the time she interviewed F.M., one of the victims, that she, Brackin, had some doubts regarding F.M.'s story. Brackin explained that she believed F.M. disliked and resented Bell because of the time Bell spent with F.M.'s mother and because of an argument that Bell's ex-girlfriend had with F.M.'s mother in front of the child. Bell contends that the prosecutor violated *Brady* by failing to disclose this statement.

Bell's own petition, however, exposes a glaring flaw in his argument. An exhibit attached to the petition shows that the State provided this very statement to Bell on November 28, 2000, before trial. The document which was provided as supplemental discovery, clearly states:

> 2. Carolyn Brackin - Dept. Of Human Services - talked with the victims after the incident was reported. Had some doubts as to whether the allegations were true because she felt [F.M.] did not like defendant and resented him and the time he spent with her mother. [F.M.] is aware that defendant had a previous girlfriend who used to come to their house and argue with her mother. She has seen or heard the arguments.

4

Putting aside the exculpatory or impeaching value of this evidence, Bell cannot show that Brackin's statement was suppressed. He, therefore, cannot satisfy one of the elements necessary to establish a *Brady* violation. Consequently, the state court's dismissal of the motion for post-conviction was not contrary to nor an unreasonable application of clearly established law. Ground One is meritless and provides no basis for relief.

Ground Two

Next, Bell alleges that he received ineffective assistance of counsel when,

a) defense counsel conspired with the state and the judge to withhold Brackin's testimony;

b) defense counsel was ineffective during jury selection;

c) defense counsel failed to investigate the factual circumstances surrounding the alleged crime and provide him with a basic defense; and

d) defense counsel's cumulative errors deprived him of a fair and reliable trial.

Respondents contend that Bell cannot show his counsel's performance was deficient and, though there were no errors, he cannot show "but for" the alleged errors the outcome would have been different.

To establish ineffective assistance of counsel, he must show, "(1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense." *Pitts v. Anderson*, 122 F.3d 275 (5th Cir. 1997); *see also Strickland v. Washington*, 466 U.S. 688, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). When analyzing the deficiency prong, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. The court is not to analyze counsel's actions in hindsight, but rather to judge his or her decision in a "highly deferential" manner. *Motley v.*

*Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (quoting *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065). The court inquires into prejudice only if the deficiency prong is satisfied. If counsel's performance is deemed to have been deficient, "then [the court] must determine whether there exists a reasonable probability that but for the complained-of error the outcome of the trial or appeal would have been different." *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997).

To find prejudice, a court on habeas review must look past mere outcome determination. *Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993). The test formulated in *Strickland v. Washington*

> requires that a habeas petitioner prove not only that counsel's performance was deficient, but also that the deficient performance actually prejudiced the defense to such an extent that there is a reasonable probability that, but for the attorney's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings.

*Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir.), *cert. denied*, 514 U.S. 1071 (1995) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). "[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceedings was fundamentally unfair or unreliable is defective." *Armstead*, 37 F.3d at 207 (citation omitted). Furthermore, the "unreliability" or "unfairness" mentioned in *Strickland* does not occur unless the ineffectiveness of counsel deprives the defendant of a "substantive or procedural right to which the law entitles him." *Fretwell,* 506 U.S. at 372. Each of Bell's claims is addressed individually below.

*a. Did Counsel Conspire with the State and the Judge to withhold Brackin's Testimony?*

As discussed in detail above, Brackin's statement was not withheld, thus, there could not have been a conspiracy to suppress evidence. This argument is wholly without merit and no further discussion is necessary.

*b. Was Counsel Ineffective During Jury Selection?*

6

Bell contends that his trial counsel was ineffective throughout the jury selection process. Specifically, he alleges that counsel did not make adequate objections to the State's peremptory challenges, made no objections to possible *Batson* violations, as well as failed to make the race and gender of the jurors part of the record. Respondents argue that Bell has not offered any proof supportive of his claim.

During the selection process, defense counsel conducted twelve interviews of individual jurors in chambers, exercised five peremptory strikes, and objected during the prosecution's voir dire. There is no evidence to suggest that counsel did not zealously represent Bell throughout the jury selection process. Furthermore, Bell has failed to provide argument or proof, with any degree of specificity, to which juror or jurors a *Batson* challenge would have been warranted. Accordingly, the court is satisfied that defense counsel's performance during jury selection was far from deficient.

*c. Did Counsel Fail to Investigate the Factual Circumstances Surrounding the Alleged Crime and Provide Bell with a Basic Defense?*

Bell, in conclusory terms, argues that he was deprived of a basic defense due to counsel's failure to investigate the alleged crime. Bell does not offer any supporting argument or indicate which parts of the record might lend credence to this claim. Certainly, an attorney who fails to familiarize himself with the law and facts of the case could not possible provide effective counsel. *See Friedman v. U.S.*, 588 F.2d 1010, 1016-17 (5th Cir. 1979). The record in this case, however, simply does not reflect that defense counsel was unprepared or that Bell was deprived of a basic and adequate defense. To the contrary, counsel's representation of Bell was professional and reasonably competent under *Strickland*.

*d. Did Counsel's Cumulative Errors Deprive Bell of a Fair and Reliable Trial?*

The Constitution guarantees every defendant effective assistance of counsel but not necessarily errorless counsel. *Pennington v. Beto*, 437 F.2d 1281, 1286 (5th Cir. 1971) (quoting

*Mackenna v. Ellis*, 280 F.2d 592, 599 (5th Cir. 1960)). Although the court finds that defense counsel's performance was not inadequte, if any errors did occur, Bell has failed to show the requisite prejudice that must accompany deficient assistance. Therefore, since the court has found no error with defense counsel's performance and Bell has neglected to make even a half-hearted attempt to demonstrate prejudice, this argument is without merit.

Ground Three

Finally, Bell avers that habeas relief is appropriate because the trial judge was biased. This contention presumably arises from Bell's theory that the trial judge conspired with defense counsel and the prosecution to withhold Brackin's statement. As discussed in detail *supra*, this claim completely unfounded. In the instant petition, Bell does not further explain this purported assignment of error.

Based on his state court motion, Respondents provide speculation about other claims that Bell might be attempting to make with regard to the trial judge's alleged bias. Since Bell, however, has failed to expand upon this theory with either facts or argument, speculative claims are unworthy of further discussion. In the court's opinion, there is no indication that the trial judge was biased. Thus, Ground Three provides no basis for habeas relief.

**Conclusion**

The court has concluded that the grounds asserted by the Petitioner, neither singularly nor collectively, rise to the level of a constitutional violation. Therefore, Petitioner's claims are meritless and his petition shall be denied in all respects.

A separate judgment shall issue in accordance with this opinion.

This the 14th day of May, 2007

                                           **/s/ Michael P. Mills**
                                           **UNITED STATES DISTRICT JUDGE**